```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA


     - against -                              04 Cr. 424-2 (RWS)

                                                  OPINION

WILLIAM DELAROSA,

                Defendant.

-------------------------------------X
```

A P P E A R A N C E S

Attorneys for the United States

PREET BHARARA
United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
By: Gina Castellano, Esq.


Attorneys for the Defendant

MARTIN J. SIEGEL
111 John Street
New York, NY 10038-3180

1

**Sweet, D.J.**

William Delarosa ("Delarosa" or the "Defendant") has moved for a reduction of his prison sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons stated below, Delarosa's motion is granted and his sentence is reduced from 188 months to 151 months.

On February 23, 2005, Delarosa pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). (Dkt. No. 121). The Court accepted his plea on March 1, 2015 (Dkt. No. 122) and sentenced him to a term of 188 months in prison on June 13, 2005. (See Dkt. Nos. 181 & 190.) On July 16, 2015, Delarosa made a motion for a reduction of his sentence pursuant to Amendment 782 to the U.S. Sentencing Commission Guidelines, which lowered the penalties for most drug offenses. A supplemental sentencing memorandum was received from the Probation Office, concluding that Delarosa is eligible for a sentence reduction and that his amended Guidelines range is 151 to 188 months. The government filed a letter-brief on September 4, 2015, agreeing with the Probation Office's conclusion and stating no objection to a reduction in sentence. Delarosa's attorney informed chambers via telephone that he concurred with

the government and the Probation Office and did not intend to file a reply.

With a revised offense level of 34 (adjusted downward from the offense level of 36 applied at sentencing) and a criminal history category of I, Delarosa's amended Guidelines range is 151 to 188 months.  See U.S.S.G. Ch. 5 Part A (Nov. 2014). Having reviewed the submissions from Probation, the Government, and the Defendant, the Court concludes that a new sentence at the bottom of that range is appropriate.

Although Mr. Delarosa was the second-in-command of a significant criminal drug conspiracy, involving nineteen codefendants, the conspiracy had no indicia of violence. Moreover, Delarosa has already served more than ten years in prison, a serious penalty commensurate with his leadership role in the conspiracy.  Delarosa has had a handful of disciplinary incidents in prison, including one citation for use of marijuana, another for possession of a cellphone, and two for fighting with fellow inmates, but the government contends, and the Court agrees, that these incidents do not rise to the level of seriousness that would counsel against a sentence reduction. In light of the policy priorities embraced by the Sentencing Commission in enacting Amendment 782, the Court reduces Mr. Delarosa's sentence of imprisonment to a term of 151 months.

Since this reduction in sentence would move Delarosa's release date before November 1, 2015, the reduction shall take effect on that date, pursuant to U.S.S.G. § 1B1.10(e)(1). Setting the effective date for November also provides the government sufficient time to evaluate his release, as requested on page 5 of its letter-brief.

It is so ordered.

**New York, NY**
**September 2/ 2015**

_____
ROBERT W. SWEET
U.S.D.J.

4